IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAXWELL ALAN DUSATKO, | ) | 8:13CV232 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| VERIZON WIRELESS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on August 1, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against Verizon Wireless ("Verizon"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that he attempted to negotiate a contract for phone service with Verizon in April and May 2013. A Verizon representative informed him that he was required to pay a $125 security deposit because he had no credit history. (*Id.* at CM/ECF p. 2.) Thereafter, "credit bureaus" informed Plaintiff that he did have credit history, but it was in his birth name. (*Id.*) He asked Verizon "several times" to access his credit history using his birth name, but he "was never allowed to access [his] credit history with Verizon in his birth name." (*Id.*) Plaintiff alleges that, during this same time period, "Verizon pulled [Plaintiff's] credit" without his consent, which "caused damages to [his] credit score, as well as violated [his] personal rights." (*Id.*)

Plaintiff alleges that Verizon's actions have exacerbated his "Postural Orthostatic Tachycardia Syndrome and panic disorder," which has resulted in "increased syncope, mental fatigue, and continued stress." (*Id.* at CM/ECF p. 3.) Plaintiff seeks "compensation for the exacerbations to [his] medical conditions; for [his] rights as an American consumer; for

being treated unjustly and unfairly by a business that should know better." (*Id.* at CM/ECF p. 4.) Plaintiff alleges that he has lodged complaints against Verizon with the Better Business Bureau, the Federal Trade Commission, and the Nebraska Attorney General. (*Id.*)

### II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S.662 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

In Plaintiff's statement of jurisdiction, he alludes to the Federal Trade Commission Act. Specifically, he alleges that Verizon "did not adhere to FTC consumers rights." (Filing No. 1 at CM/ECF p. 4.) However, "there is no private cause of action for violations of the Federal Trade Commission Act." *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996). *See also Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.*, 195 Fed.

App'x 891, 894 (11th Cir. 2006) ("There is no private cause of action implied under the Federal Trade Commission Act."), *cert. denied*, 550 U.S. 945 (2007).

Plaintiff alleges that Verizon "pulled [his] credit in May[] 2013" without his consent. (Filing No. 1 at CM/ECF p. 2.) In light of this allegation, it appears Plaintiff may also be attempting to assert a violation of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA provides a private right of action for violations of the terms therein. Under 15 U.S.C. § 1681o, a person who negligently fails to comply with any requirement under the FCRA is liable for actual damages caused to the affected consumer. Under 15 U.S.C. § 1681n, a person who willfully fails to comply with a requirement under the FCRA may be liable for either actual damages or statutory damages ranging from $100 to $1,000, as well as for punitive damages. Section 1681b describes the circumstances under which consumer reports may be requested from consumer reporting agencies. Section 1681q describes fines and imprisonment for a "person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses."

Here, Plaintiff does not explain, and it is not apparent, how Verizon's request for Plaintiff's credit report was a violation of the FCRA. Plaintiff alleges that he contacted Verizon "several times" in April 2013 asking that his "credit be pulled" in his birth name, but he was "never allowed to access [his] credit history with Verizon." (Filing No. 1 at CM/CF p. 2.) He then alleges that, during this same time period, Verizon "pulled [his] credit again" without his consent. (*Id.*) That is, Plaintiff alleges in his Complaint that Verizon refused to "pull his credit" in his birth name, and also that Verizon "pulled his credit" without his consent. In light of these contradictory allegations, the court concludes that Plaintiff's Complaint, as drafted, lacks a cognizable legal theory and does not give Defendant fair notice of what the claims are and the grounds upon which they rest. *See* Fed. R. Civ. P. 8 (a)(2), (d)(1) (requiring that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct.").

On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint that alleges sufficient facts to state a claim under the FCRA upon which relief may be granted. If plaintiff fails to file an amended complaint, or the amended complaint is not sufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to amend his Complaint to clearly state a claim upon which relief may be granted against the defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against the defendant will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on November 11, 2013.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 11th day of October, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.